1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ZACHARY DONZELL,                    Case No.  1:20-cv-00418-HBK

12              Plaintiff,               ORDER GRANTING AWARD AND
                                         PAYMENT OF ATTORNEYS FEES UNDER
13        v.                             THE EQUAL ACCESS TO JUSTICE ACT[1]

14   KILOLO KIJAKAZI, ACTING             (Doc. No.  27)
     COMMISSIONER OF SOCIAL
15   SECURITY,

16              Defendant.

17

18        Pending before the Court is the Plaintiff's motion for attorney fees filed on February 8,

19   2023.  (Doc. No. 27).  Plaintiff requests an award attorney's fees and expenses to Plaintiff's

20   attorney, Kelsey M. Brown of Mackenzie Legal, PLLC, in the amount of $6,574.45 pursuant to

21   the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (*Id.*).

22        On November 10, 2022, this Court granted the parties' Stipulated Motion for Voluntary

23   Remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the

24   Commissioner for further administrative proceedings.  (Doc. No. 25).  Judgment was entered the

25   same day.  (Doc. No. 26).  Plaintiff now requests an award of fees as the prevailing party.  *See* 28

26   U.S.C. § 2412(a) & (d)(1)(A); Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920; *cf. Shalala v.*

27   _____

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C.
28   §636(c)(1).  (Doc. No. 21).

1    *Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand

2    order under 42 U.S.C. § 405(g) is a prevailing party).  The Commissioner did not file an

3    opposition to the requested relief, and the deadline for doing so has passed.

4          The EAJA provides for an award of attorney fees to private litigants who both prevail in

5    civil actions (other than tort) against the United States and timely file a petition for fees.  28

6    U.S.C. § 2412(d)(1)(A).  Under the Act, a court shall award attorney fees to the prevailing party

7    unless it finds the government's position was "substantially justified or that special circumstances

8    make such an award unjust."  *Id*.  Here, the government did not show its position was

9    substantially justified and the Court finds there are not special circumstances that would make an

10   award unjust.

11         Plaintiff requests an award of $6,574.45 in EAJA fees for 28.15 hours of attorney time.

12   (Doc. No. 27-1).  The Court finds an award of $6,574.45 is appropriate.  EAJA fees, expenses,

13   and costs are subject to any offsets allowed under the Treasury Offset Program ("TOP"), as

14   discussed in *Astrue v. Ratliff*, 532 U.S. 1192 (2010).  If the Commissioner determines upon

15   effectuation of this Order that Plaintiff's EAJA fees are not subject to any offset allowed under

16   the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

17         Accordingly, it is **ORDERED**:

18       1.  Plaintiff's motion for attorney fees and expenses (Doc. No. 27) is **GRANTED**.

19       2.  The Commissioner is directed to pay to Plaintiff as the prevailing party EAJA fees in

20   the amount of $ $6,574.45 in attorney fees and expenses.  Unless the Department of Treasury

21   determines that Plaintiff owes a federal debt, the government shall make payment of the fees to

22   Plaintiff's counsel, Kelsey M. Brown of Mackenzie Legal, PLLC, in accordance with Plaintiff's

23   assignment of fees.

24

25   Dated:   __March 2, 2023__

26                           HELENA M. BARCH-KUCHTA

27                           UNITED STATES MAGISTRATE JUDGE

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28